```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION


CARL A. JOHNSON,

            Plaintiff,

      vs.                              Civil Action 2:14-cv-2794
                                       Judge Frost
                                       Magistrate Judge King

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.
```

<u>REPORT AND RECOMMENDATION</u>

**I.   Background**

This is an action instituted under the provisions of 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security denying plaintiff's application for supplemental security income.  This matter is before the Court for consideration of *Plaintiff's Statement of Errors* ("*Statement of Errors*"), Doc. No. 12, and the *Defendant's Memorandum in Opposition*, Doc. No. 19.

Plaintiff Carl A. Johnson filed this – his eighth - application for benefits on February 17, 2012, alleging that he has been disabled since January 1, 2009.  *PAGEID* 51, 187.  The claim was denied initially and upon reconsideration, and plaintiff requested a *de novo* hearing before an administrative law judge.

An administrative hearing was held on July 2, 2013, at which plaintiff, represented by counsel, appeared and testified, as did John R. Finch, Ph.D., who testified as a vocational expert.  *PAGEID* 80.  In a decision dated July 18, 2013, the administrative law judge concluded

that plaintiff was not disabled from February 17, 2012, through the date of the administrative decision. *PAGEID* 51-62. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on November 6, 2014. *PAGEID* 35-37.

Plaintiff was 49 years of age on the date of the administrative decision. *See PAGEID* 62, 187. Plaintiff has a limited education, is able to communicate in English, and has past relevant work as a dishwasher. *PAGEID* 60-61. He has not engaged in substantial gainful activity since February 17, 2012, the application date. *PAGEID* 53.

## II. Administrative Decision

The administrative law judge found that plaintiff's severe impairments consist of borderline intellectual functioning; a cognitive disorder; a depressive disorder; chronic low back pain without radiculopathy; left knee patellofemoral arthropathy; asthma; remote post traumatic changes of the AC joints, shoulder, right; and non-severe poly substance abuse in remission. *PAGEID* 53. The administrative law judge also found that plaintiff's impairments neither meet nor equal a listed impairment and leave plaintiff with the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 416.967(b), except the claimant can frequently climb ramps/stairs. The claimant can occasionally climb ladders/ropes/scaffolds, kneel, crouch, crawl and frequently reach overhead with his right upper extremity. The claimant should avoid concentrated exposure to extreme cold. The claimant should avoid concentrated exposure to irritants such as fumes, odors, dust and gases. The claimant should avoid moderate

> use of hazardous machinery and moderate exposure to unprotected heights. The job should allow the claimant to be off task five percent of the workday. Mentally, the claimant is limited to simple, routine and repetitive tasks. He can perform low stress work, which allows occasional changes in the work setting and no assembly line work. The claimant can occasionally interact with the public and co-workers.

*PAGEID* 54-56 (footnote defining "light work" omitted). Although this RFC precludes the performance of plaintiff's past relevant work as a dishwasher, the administrative law judge relied on the testimony of the vocational expert to find that plaintiff is nevertheless able to perform a significant number of jobs in the national economy, including such representative jobs as finish inspector, garment folder, and retail marker. *PAGEID* 60-61. Accordingly, the administrative law judge concluded that plaintiff was not disabled within the meaning of the Social Security Act from February 17, 2012, through the date of the administrative decision. *PAGEID* 62.

**III. Discussion**

Pursuant to 42 U.S.C. § 405(g), judicial review of the Commissioner's decision is limited to determining whether the findings of the administrative law judge are supported by substantial evidence and employed the proper legal standards. *Richardson v. Perales*, 402 U.S. 389 (1971); *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Buxton v. Haler*, 246 F.3d 762, 772 (6th Cir. 2001); *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981). This

3

Court does not try the case *de novo*, nor does it resolve conflicts in the evidence or questions of credibility. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, this Court must examine the administrative record as a whole. *Kirk*, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if this Court would decide the matter differently, *see Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *Longworth,* 402 F.3d at 595.

In his *Statement of Errors*, plaintiff first argues that the administrative law judge failed to consider the entire record because he "improperly excluded exhibits 1F-7F and 9F-11F." *Statement of Errors*, p. 7. The administrative law judge admitted Exhibits 1F-7F and 9F-11F for historical purposes only because they from plaintiff's prior disability application:

> It should be noted that in violation of the e-business process, the evidence in this case improperly includes medical exhibits from the claimant's prior disability application (Exhibits 1F-7F and 9F-11F). Because these documents were weighed in connection with a prior and now final determination by this Agency, I am not empowered to re-weigh them individually or collectively. Therefore, these documents have been admitted solely for historical purposes and have not been re-evaluated in this decision. To re-weigh these documents, in whole or in part, for any purpose would be arbitrary and capricious, *per se*, because it would be ungoverned by any substantive standard, it would *de facto* re-open the prior and final Agency determination based not upon new and material evidence as required by Agency policy, rules and regulations, but upon old and previously weighed evidence and it would render the

>     prior and final Agency determination a legal nullity
>     without consequence, which most assuredly, it is not.

*PAGEID* 53 n.1. Plaintiff argues that the "prior administrative record [does not] ris[e] to a level of determination that triggers the doctrine of Res Adjudication." *Statement of Errors*, p. 7. "[N]one of the prior determination reached the level of reconsideration, much less an ALJ determination, subsequent review by the Appeals Council or Article III Federal Court review." *Id*. According to plaintiff, the prior evaluation "was not doctrine done by an ALJ and thus not binding for later decisions." *Id*. In a related argument, plaintiff argues that the administrative law judge erred by failing to "discuss or give any weight to or discuss the consultative examination at Exhibit 8F." *Id*. at p. 5. Exhibit 8F contains the notes and report of Melanie A. Bergsten, Ph.D., and John L. Tilley, Ph.D., in connection with a consultative examination performed on May 23, 2005. *PAGEID* 398-410. The examiners diagnosed delusional disorder (provisional); depressive disorder, NOS; and polysubstance dependence, sustained full remission; they also opined that plaintiff "is unemployable" and is moderately or markedly limited in nine out of 20 areas of functioning related to understanding and memory, sustained concentration and persistence, social interaction, and adaption. *PAGEID* 406-10.

Plaintiff previously filed applications for benefits on January 4, 2005, October 12, 2005, December 6, 2006, September 9, 2008, February 4, 2009, October 21, 2009, and March 8, 2011. *PAGEID* 109. Plaintiff's March 8, 2011 applications, for disability insurance benefits and supplemental security income, were denied on June 30,

5

2011, and plaintiff did not seek reconsideration of that denial. *Id*. Plaintiff's arguments to the contrary notwithstanding, the June 30, 2011 determination became binding and subject to the doctrine of administrative *res judicata* when plaintiff did not seek reconsideration. *See* 20 C.F.R. § 416.1405; *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 841 (6th Cir. 1997) ("An initial determination is binding unless the claimant requests reconsideration or the Commissioner revises its decision. 20 C.F.R. § 404.905. An initial determination is subject to the doctrine of administrative res judicata."). The administrative law judge acknowledged the prior determination and admitted Exhibits 1F-7F and 9F-11F "solely for historical purposes." *PAGEID* 53 n.1. As plaintiff notes, *see Statement of Errors*, pp. 5-7, the administrative law judge did not evaluate or weigh the 2005 opinion of Drs. Bergsten and Tilley because to do so "would *de facto* re-open the prior and final Agency determination based not upon new and material evidence as required by Agency policy, rules and regulations, but upon old and previously weighed evidence." *PAGEID* 53 n.1.

The administrative law judge did not err in this regard. Had the administrative law judge adopted the 2005 opinion that plaintiff was "unemployable," that conclusion would indeed have been a *de facto* or constructive reopening of plaintiff's prior claim, the denial of which was final. *See Walker v. Barnhart*, 258 F. Supp. 2d 693, 699 (E.D. Mich. 2003) ("'[W]here a claim has been reconsidered on the merits, it is properly treated as having been reopened as a matter of

6

administrative discretion.' *King v. Chater,* 90 F.3d 323, 325 (8th Cir. 1996). However, '[m]ere consideration of evidence from an earlier application is not considered a reopening of an earlier claim.' *Id.*"); *Saxon v. Astrue*, 781 F. Supp. 2d 92, 103 (N.D.N.Y. 2011) ("Dr. Heller's treatment and opinions were properly excluded from the ALJ's discussion of the present applications. Indeed, if the ALJ had discussed and assigned controlling weight to Dr. Heller's opinions, he would have constructively reopened the prior applications.").

Moreover, the administrative law judge did not err in admitting the prior evidence for historical purposes. *See Rizo v. Colvin*, No. 3:12-CV-04520 RS, 2013 WL 4029199 (N.D. Cal. Aug. 6, 2013) (finding that evidence from a prior claim can be used to show changed circumstances since the date of the prior decision); *Ramirez v. Colvin*, No. CV 13-5473 JC, 2014 WL 360183, at *4 (C.D. Cal. Jan. 31, 2014) ("To the extent the ALJ chose not to address plaintiff's 2008 IQ scores because Dr. Colonna's 2008 Report was an exhibit in the medical record from the Prior Decision (which the ALJ declined to 'reopen or revise') [], the ALJ erred.")

Plaintiff next argues that the administrative law judge erred in concluding that plaintiff does not meet the requirements of Listing 12.05. Listing 12.05 requires, under appropriate circumstances, a finding of disability based on the claimant's intellectual disability:

> Intellectual disability refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental

7

> period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05. A claimant must satisfy both "the diagnostic description in the introductory paragraph and any one of the four sets of criteria" contained in paragraphs A, B, C, or D of the listing. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00.

Here, the administrative law judge considered the IQ scores contained in plaintiff's school records, as well as the "WAIS III testing in May 2005 [that] resulted in verbal IQ score of 62, performance IQ score of 69 and full scale IQ score of 62 (Exhibit 8F/13);" the administrative law judge nevertheless concluded that plaintiff did not satisfy the diagnostic description of Listing 12.05 because the evidence does not establish "significantly subaverage mental functioning/deficits of adaptive functioning prior to age 22." *PAGEID* 55, 58. Plaintiff argues that his low IQ scores as an adult and "special education, inability to read and lack of a work history," "when considered in combination with all of his impairments, mental and physical, render[] him disabled under Listing 12.05[C]." *Statement of Errors*, p. 8.

Although the administrative law judge considered that plaintiff "reported being in special education classes," his "low scores[] after age 22," and his work history, the administrative law judge nevertheless concluded that neither plaintiff's impairment nor combination of impairments medically equal the severity of a listed

8

impairment.[1]  *See PAGEID* 54-55, 58, 60.  Plaintiff disagrees with this conclusion, but this Court is not permitted to reweigh the evidence where, as here, the administrative law judge followed the proper procedures and his analysis is supported by substantial evidence.

Plaintiff next argues that the administrative law judge erred in evaluating the opinion of Sudhir Dubey, Psy.D.  *Statement of Errors*, pp. 6-7.  Plaintiff specifically argues that the administrative law judge accorded Dr. Dubey's opinion "some weight," but did "not explain what some weight means for purposes of judicial review."  *Id*.  Plaintiff also argues that the administrative law judge erred by omitting from plaintiff's RFC a "limitation to one step process and the need for supervision for more than one step instructions."  *Id*.

Plaintiff was consultatively examined by Dr. Dubey on April 26, 2012.  *PAGEID* 467-74.  Dr. Dubey assigned a global assessment of functioning ("GAF") score of 55[2] and diagnosed cognitive disorder, NOS,

---

[1]  Plaintiff also argues that the administrative law judge erred in failing to consider an IQ score obtained in 2009. *Statement of Errors*, p. 8.  Any error in this regard is harmless, as the administrative law judge cited plaintiff's 2005 score of 62, which was lower than the 2009 score, evaluated plaintiff's "low scores[] after age 22," but found that plaintiff did not meet the diagnostic description of Listing 12.05.  *See PAGEID* 54-55, 58, 60.  The existence of a later and higher IQ score obtained as an adult has no bearing on the administrative law judge's finding that plaintiff failed to establish "significantly subaverage mental functioning/deficits of adaptive functioning prior to age 22."  *See PAGEID* 55, 58.

[2]
> "The GAF scale is a method of considering psychological, social, and occupational function on a hypothetical continuum of mental health.  The GAF scale ranges from 0 to 100, with serious impairment in functioning at a score of 50 or below.  Scores between 51 and 60 represent moderate symptoms or a moderate difficulty in social, occupational, or school functioning . . . ."

*Norris v. Comm'r of Soc. Sec.*, 461 F. App'x 433, 436 n.1 (6th Cir. 2012).

9

and polysubstance dependence, in remission. *PAGEID* 472. According to Dr. Dubey, plaintiff "would be able to understand, remember, and carry out simple instructions, such as one step processes. He would be able to perform these types of tasks independently." *Id*. Plaintiff "would not be able to understand, remember, and carry out multi-step instructions. He would not be able to perform these types of tasks independently. He would not be able to perform these types of tasks with supervision." *Id*. Dr. Dubey further opined that plaintiff would be able to maintain persistence and pace sufficient to remember and carry out simple instructions, but would not be able to maintain persistence and pace sufficient to remember and carry out multi-step instructions, either independently or with supervision. *PAGEID* 473. Plaintiff would also have "mild issues dealing with work pressure due to learning problems and cognitive issues." *PAGEID* 474.

As a consultative examiner, Dr. Dubey is properly classified as a nontreating source. *See* 20 C.F.R. § 416.902 ("Nontreating source means a physician, psychologist, or other acceptable medical source who has examined [the claimant] but does not have, or did not have, an ongoing treatment relationship with [the claimant]."). With regard to nontreating sources, the agency will simply "give more weight to the opinion of a source who has examined [the claimant] than to the opinion of a source who has not examined" the claimant. 20 C.F.R. § 416.927(d)(1). In evaluating the opinion of a nontreating source, an administrative law judge should consider such factors as "the evidence that the physician offered in support of her opinion, how consistent

10

the opinion is with the record as a whole, and whether the physician was practicing in her specialty." *Ealy v. Comm'r of Soc. Sec.,* 594 F.3d 504, 514 (6th Cir. 2010) (citing 20 C.F.R. § 404.1527(d)).

The administrative law judge considered Dr. Dubey's report and opinion and assigned it "some weight." *PAGEID* 59. The administrative law judge found that Dr. Dubey's "opinion is consistent with the residual functional capacity finding and well supported by his thorough evaluation findings, the claimant's lack of mental health treatment, and his high functioning activities of daily living." *Id*. The administrative law judge also found that Dr. Dubey's opinion was consistent with the opinions of the state agency psychologists, Irma Johnston, Psy.D, and Karen Steiger, Ph.D. *Id*. The state agency psychologists opined that plaintiff can understand and recall instructions for simple repetitive tasks, carry out instructions for simple repetitive tasks, and "adapt to to [sic] a workplace without frequent changes are [sic] a fast pace." *PAGEID* 121-23, 140-42.

The administrative law judge did not err in evaluating Dr. Dubey's opinion. The administrative law judge was sufficiently specific as to the weight assigned to Dr. Dubey's opinion and the reasons for assigning that weight. Plaintiff argues that the administrative law judge misconstrued Dr. Dubey's opinion when he found that plaintiff could perform "simple, routine and repetitive tasks," in light of Dr. Dubey's opinion that plaintiff could "carry out simple instruction, such as one step processes" and would not be able to carry out multi-step instructions. *See Statement of Errors*,

11

pp. 6-7. However, Dr. Johnston and Dr. Steiger both interpreted Dr. Dubey's opinion to mean that plaintiff can perform simple repetitive tasks, and the administrative law judge relied on their interpretations of Dr. Dubey's report. *See PAGEID* 121-23, 140-42. Indeed, Dr. Dubey's reference to "simple tasks, *such as* one step processes," *PAGEID* 472 (emphasis added), suggests that plaintiff is capable of performing more than one step processes. Although plaintiff's interpretation of Dr. Dubey's opinion is not unreasonable, neither is that of the administrative law judge, especially in light of Dr. Johnston's and Dr. Steiger's interpretations. Accordingly, the Court finds that the administrative law judge's evaluation of Dr. Dubey's opinion is supported by substantial evidence.

Plaintiff next argues that the administrative law judge erred in partially accepting the opinions of Dr. Johnston and Dr. Steiger because their opinions were "stale having been completed on May 17, 2012 and July 8, 2012." *Statement of Errors*, p. 6. Plaintiff argues that Dr. Johnston and Dr. Steiger did "not have the balance of the record" and were not "supplied with all treatment records and psychiatric opinions in the entire record." *Id*. Plaintiff's argument in this regard is not well taken.

Social Security Ruling 96-6p provides, in part:

> 1. Findings of fact made by State agency medical and psychological consultants and other program physicians and psychologists regarding the nature and severity of an individual's impairment(s) must be treated as expert opinion evidence of nonexamining sources at the administrative law judge and Appeals Council levels of administrative review.
>
> 2. Administrative law judges and the Appeals Council may not

12

> ignore these opinions and must explain the weight given to these opinions in their decisions.

SSR 96-6p, 1996 WL 374180 (July 2, 1996).  The Ruling does not require an administrative law judge to reject a state agency medical opinion when the claimant continues treatment after the opinion was formed or when additional medical records are generated after the opinion has been rendered.  "[T]he regulations provide only that an [administrative law judge] should give more weight to an opinion that is consistent with the record as a whole." *Williamson v. Comm'r of Soc. Sec.*, No. 1:11-cv-828, 2013 WL 121813, at *7 (S.D. Ohio Jan. 9, 2013) (citing 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4)).  It is true that remand may be appropriate where the administrative law judge relied on an opinion made without the benefit of substantial evidence generated after the date of the opinion. *See e.g.*, *Ford v. Astrue*, No. 2:11-cv-1139, 2013 WL 372464, at *6 (S.D. Ohio Jan. 30, 2013) *report and recommendation adopted sub nom. Ford v. Colvin*, 2:11-cv-1139, 2013 WL 765654 (S.D. Ohio Feb. 28, 2013)).  However, this is not such a case.  Notably, plaintiff has cited no evidence in support of his argument, and there is no indication that plaintiff's conditions worsened after July 2012.  Moreover, the administrative law judge had the opportunity to review the entire record and, although the administrative law judge relied on the opinions of Drs. Johnston and Dr. Steiger in his RFC assessment, that RFC is more restrictive than those opinions would suggest.

     Plaintiff next argues that the administrative law judge erred in his credibility determination.  Plaintiff specifically argues that

13

the administrative law judge improperly evaluated plaintiff's activities of daily living without considering whether plaintiff can perform those activities on a sustained basis, and improperly considered plaintiff's lack of treatment and medication "despite the fact the claimant is unable to afford treatment veracity without providing any reason for doing so beyond an alleged exaggeration of symptoms." *Statement of Errors*, pp. 8-9 [sic].

A claimant's subjective complaints must be supported by objective medical evidence in order to serve as a basis for a finding of disability. *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993). *See also* 42 U.S.C. § 423(d)(5)(A). In evaluating subjective complaints, it must be determined whether there is objective medical evidence of an underlying medical condition. *Stanley v. Sec' of Health & Human Servs.*, 39 F.3d 115, 117 (6th Cir. 1994). If so, then the evaluator must determine (1) whether objective medical evidence confirms the severity of the complaint arising from the condition; or (2) whether the objectively established medical condition is of such severity that it can reasonably be expected to produce the alleged complaint. *Id.*; *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986).

In evaluating a claimant's credibility, an administrative law judge should consider the objective medical evidence and the following factors:

    1. The individual's daily activities;

    2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;

14

> 3. Factors that precipitate and aggravate the symptoms;
>
> 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
>
> 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;
>
> 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
>
> 7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7P, 1996 WL 374186 (July 2, 1996). An administrative law judge's credibility determination is accorded great weight and deference because of the administrative law judge's unique opportunity to observe a witness's demeanor while testifying. *Buxton v. Halter*, 246 F.3d at 773 (citing *Gaffney v. Bowen*, 825 F.2d 98, 973 (6th Cir. 1987)). However, credibility determinations must be clearly explained. *See Auer v. Sec'y of Health & Human Servs.*, 830 F.2d 594, 595 (6th Cir. 1987). If the administrative law judge's credibility determinations are explained and enjoy substantial support in the record, a court is without authority to revisit those determinations. *See Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994); *Beavers v. Sec'y of Health, Educ. & Welfare*, 577 F.2d 383, 386-87 (6th Cir. 1978).

In the case presently before the Court, the administrative law judge considered plaintiff's testimony at the administrative hearing as well as his subjective complaints, but found that plaintiff's

statements were "not fully credible." *PAGEID* 56-59. In discounting plaintiff's credibility, the administrative law judge evaluated the objective medical evidence and noted, *inter alia*, that despite allegations of debilitating pain, plaintiff was prescribed only Ibuprofen for his shoulder pain, was not prescribed narcotic pain medication during his alleged period of disability, and did not report shoulder, back, knee, or ankle pain during his last visit to a free clinic. *PAGEID* 57-58. The administrative law judge also noted the "total lack of mental health treatment and medication" and plaintiff's failure to follow-up with an orthopedic specialist when it was recommended that he do so. *Id*. The administrative law judge found that plaintiff's activities of daily living are inconsistent with his allegations of disability, and he noted several inconsistencies in the record:

> [Plaintiff] alleges an inability to work, although he reported doing building/remodeling work (Exhibit 15F), which he denied at the hearing. He has alleged difficulty reading and writing, but has someone write out a grocery list for him which he apparently uses and is able to read. He further testified that he needs individuals to keep track of his appointments and remind him of dates, but reported that he could manage a daily routine, keep appointments on his own and manage his own medication when seen for the consultative psychological evaluation (Exhibit 13F).

*PAGEID* 58. The administrative law judge found that plaintiff's statements were not fully credible. *PAGEID* 59.

The administrative law judge noted and followed the appropriate standards, performed an appropriate evaluation of the evidence, and clearly articulated the bases of his credibility determination.

16

Plaintiff's arguments to the contrary notwithstanding, it was not improper for the administrative law judge to consider plaintiff's activities of daily living or plaintiff's lack of medical treatment when evaluating his credibility. *See* 20 C.F.R. § 416.929(c)(3)(v); *Blaim v. Comm'r of Soc. Sec.*, 595 F. App'x 496, 499 (6th Cir. 2014) ("Even the mildness of [the claimant's] treatment - mostly pain medication, weight loss, and exercise - suggested that his ailments were comparatively mild.") (citing *Villarreal v. Sec'y of Health & Human Servs.,* 818 F.2d 461, 463 (6th Cir. 1987)); SSR 96-7P, 1996 WL 374186 (July 2, 1996). The analysis and credibility determination of the administrative law judge enjoy substantial support in the record. This Court will not – and indeed may not - revisit that credibility determination. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003).

Finally, plaintiff argues that the administrative law judge erred in relying on the testimony of the vocational expert. *Statement of Errors*, p. 11. Plaintiff specifically argues that the hypothetical posed to the vocational expert was deficient because the administrative law judge erred in his RFC determination and in assessing plaintiff's credibility. *Id.*

"In order for a vocational expert's testimony in response to a hypothetical question to serve as substantial evidence in support of the conclusion that a claimant can perform other work, the question must accurately portray a claimant's physical and mental impairments." *Ealy*, 594 F.3d at 516. "Hypothetical questions, however, need only

17

incorporate those limitations which the [administrative law judge] has accepted as credible." *Parks v. Soc. Sec. Admin.*, 413 F. App'x 856, 865 (6th Cir. 2011) (citing *Casey*, 987 F.2d at 1230).

The administrative law judge posed to the vocational expert a complete hypothetical question that incorporated all of plaintiff's impairments as found by the administrative law judge. *Compare PAGEID* 55-56 *with PAGEID* 103. The vocational expert responded that such a claimant could not perform plaintiff's past relevant work but could perform such representative jobs as finish inspector, garment folder, and retail marker. *PAGEID* 103-04. The administrative law judge relied on this portion of the vocational expert's testimony in determining that plaintiff can perform a significant number of jobs that exist in the national economy, even though he could not perform his own past relevant work. *PAGEID* 60-61. The administrative law judge therefore did not err in relying on the vocational expert's testimony. *See Parks*, 413 F. App'x at 865 ("In order for a vocational expert's testimony in response to a hypothetical question to serve as substantial evidence in support of the conclusion that a claimant can perform other work, the question must accurately portray a claimant's physical and mental impairments. . . . Hypothetical questions, however, need only incorporate those limitations which the ALJ has accepted as credible.") (internal citations and quotations omitted); *Felisky*, 35 F.3d at 1036 (where a hypothetical accurately described the plaintiff in all relevant respects, the vocational expert's

18

response to the hypothetical question constitutes substantial evidence).

Having carefully considered the entire record in this action, the Court concludes that the administrative law judge employed the proper legal standards and his findings are supported by substantial evidence. It is therefore **RECOMMENDED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED**.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to

magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


September 10, 2015                          *s/Norah McCann King*
                                       Norah M<sup>c</sup>Cann King
                                    United States Magistrate Judge